

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEBORAH MEYER, as Executrix of the Estate of NICHOLAS MEYER, deceased; and DEBORAH MEYER, Individually, and as Mother and Next Friend of DEREK MEYER, a minor, and DANIELLE MEYER, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>THE LOCKFORMER COMPANY, a division of MET-COIL SYSTEMS CORP., a Delaware corp., MESTEK, INC., a Pennsylvania corp., and HONEYWELL INTERNATIONAL INC., a Delaware corp.,<br><br>Defendants. | No. 02 C 2672<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Deborah Meyer ("Meyer"), individually and as executrix of the estate of Nicholas Meyer, and as mother and next friend of minor Derek and Danielle Meyer, alleges that she, her children and her deceased husband consumed water contaminated by the industrial solvent trichloroethylene ("TCE") due to the negligence and willful and wanton conduct of the defendant corporations. After several years of litigation, Meyer and other plaintiffs alleging similar injuries reached a settlement agreement with two of the three corporations named as defendants in the suit: The Lockformer Company ("Lockformer"), a division of Met-Coil Systems Corp. ("Met-Coil"), and Mestek, Inc. ("Mestek"). The only remaining Defendant, Honeywell International, Inc., ("Honeywell"), now seeks summary judgment on the ground that Meyer did not disclose and cannot offer competent medical opinion evidence establishing a causal connection between her injuries, and those of her family, and their exposure to TCE.

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. A genuine issue of material fact exists when there is evidence on the basis of which a reasonable jury could find in the plaintiff's favor, allowing for all reasonable inferences drawn in a light most favorable to the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Rule 56(c) requires the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Despite Meyer's vigorous efforts to ensure that Defendant Honeywell remained a party to the suit,[1] she failed to file a response to Honeywell's Motion for Summary Judgment or a Statement of Material Facts pursuant to Local Rule 56.1. The result of this failure is dire, as all of Defendant's facts are deemed admitted. *L.R. 56.1(b)(3)(B); see also Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) ("the penalty for failing to properly respond to a movant's 56.1(a) statement is usually summary judgment for the movant . . . because the movant's factual allegations are deemed admitted"). Meyer's failure to respond is all the more troublesome given

---

[1] On September 22, 2004, I entered an order finding a good faith settlement between Plaintiff and Defendants MetCoil and Mestek. Defendant Honeywell was not a party to the settlement. Nonetheless, on November 22, 2004, I entered an order dismissing the case with prejudice. Shortly thereafter, Meyer's counsel moved to amend the November 22 dismissal order pursuant to Rule 60, arguing that the inclusion of Defendant Honeywell in the order was an inadvertent mistake. After hearing oral arguments, I agreed with Meyer, granted her Rule 60 motion, and set a briefing schedule for Defendant Honeywell's Renewed Motion for Summary Judgment.

2

the state of the record. Meyer withdrew her sole medical causation expert, Dr. Alan Hirsch, after Defendants objected to Dr. Hirsch's qualifications at the close of discovery.[2] Defendant Honeywell argues that absent expert testimony, Meyer has no admissible evidence that might demonstrate a causal link between her and her children's injuries and Defendant's alleged conduct.

Meyer claims that her family was exposed to TCE emanating from Defendant Lockformer's property in Lisle, Illinois.[3] Meyer alleges that as a result of the TCE exposure: 1) her husband, Nicholas Meyer, developed and succumbed to kidney cancer; 2) she developed medical ailments; 3) she and her children have and will continue to suffer emotional distress related to the death of Nicholas Meyer; 4) she and her children are at an increased risk for and harbor fears of future illnesses, and require medical monitoring; 5) the value of the Meyer residence has diminished as a result of the TCE contamination; 6) she and her children have suffered he loss of use and enjoyment of their home as a result of the TCE contamination.

A plaintiff in a negligence action bears the burden of proving duty, breach of duty, proximate causation and damages. *Brown v. Baker*, 672 N.E.2d 69, 71 (Ill. App. Ct. 1996). Generally, a plaintiff must establish proximate cause in a personal injury action through the

---

[2]Defendants moved to exclude Dr. Hirsch after discovery ended. Meyer did not respond in writing, but withdrew Dr. Hirsch as an expert witness at an October, 2003 hearing. In November, Plaintiffs sought leave to supplement their Rule 26(a)(2) disclosures in order to add another expert. I granted the motion, but almost immediately vacated the ruling on Defendant Mestek's motion. Thereafter, expert discovery was stayed while the parties pursued settlement. Since Defendant Honeywell renewed its motion for summary judgment, Plaintiffs have not sought leave to disclose an expert witness.

[3]Meyer accuses Defendant Honeywell, through its predecessor, of supplying the TCE to Defendant Lockformer.

admissible testimony of an expert witness. *Kane v. Motorola, Inc.*, 779 N.E.2d 302, 310 (Ill. App. Ct. 2002) ("plaintiffs . . . must come forward with scientific evidence regarding causation to preclude the entry of summary judgment"); *Wintz v. Northrop Corp.*, 110 F.3d 508, 515 (7th Cir. 1997) ("[u]nder Illinois law, to serve as the sole basis for a conclusion that an act was the proximate cause of the plaintiff's injury, an expert must be able to testify with a reasonable degree of medical certainty that proximate cause existed"). Summary judgment for the defendant is appropriate when a plaintiff cannot prove proximate cause. *Kane*, 779 N.E.2d at 310-11; *Wintz*, 110 F.3d at 515-16.

Meyer claims that her husband's kidney cancer and her own ailments were caused by TCE exposure, but offers no evidence to that effect. Meyer's expert medical evidence consists of the testimony of four physicians who treated Nicholas Meyer before his death: Drs. Berger, Hubbard, Bockrath and Ward.[4] Dr. Berger, an internist and gastroenterologist, and Dr. Hubbard, a family practitioner, testified in depositions that they have "no idea" what caused Nicholas Meyer's kidney cancer. Dr. Bockrath, a urologist who treated Nicholas Meyer's cancer, stated that "it would be speculative for [him] to say whether or not TCE had anything to do with Mr. Meyer's cancer." Finally, Dr. Ward, a surgeon who participated in a surgery to excise a renal cell carcinoma tumor from Nicholas Meyer, has no opinion with respect to the cause of Nicholas Meyer's kidney cancer. In sum, these physicians neither formed nor disclosed opinions establishing a causal connection between Nicholas Meyer's kidney cancer and TCE exposure. Moreover, there is no other evidence in the record before me that raises a genuine issue of

---

[4]The record fails to disclose any treating physicians who might have information regarding Deborah Meyer's ailments.

4

material fact with respect to the proximate cause of either Nicholas Meyer's cancer or Deborah Meyer's alleged ailments.

In *Porter v. Whitehall Labs., Inc.*, 9 F.3d 607 (7th Cir. 1993), the plaintiff administratrix filed suit against drug manufacturers, alleging that the defendants' drugs had caused the decedent's renal failure and death. The defendants successfully moved for summary judgment after the district court excluded the plaintiff's expert witness pursuant to *Daubert*. Affirming the district court's decision, the Court of Appeals of the Seventh Circuit held that the district court correctly concluded that "expert testimony is necessary to determine the cause of Mr. Porter's renal failure." *Id.* at 612 (observing first that under Indiana law, a plaintiff "must prove every element of a prima facie case, including causation"). As with the plaintiff in *Porter*, Meyer's failure to offer expert testimony establishing Defendant's conduct as the proximate cause of her husband's kidney cancer or her own ailments warrants summary judgment of her first and third claims. Quite obviously, this also necessitates summary judgment of her second claim of emotional distress resulting from her husband's death.

Defendant also asserts that Meyer's lack of expert, medical testimony requires summary judgment on her claim for medical monitoring. Illinois courts and federal courts interpreting Illinois law have grappled with the medical monitoring remedy and have produced less than clear results. *See Guillory v. Am. Tobacco Co.*, 97 C 8641, 2001 U.S. Dist. LEXIS 3353, at *20-22 n.2 (N.D. Ill. Mar. 19, 2001) (reviewing cases and concluding that "[a]lthough the viability of a cause of action for medical monitoring has not yet been addressed in many jurisdictions, including this one, courts that have recognized the claim have concluded that a plaintiff may recover the cost of diagnostic medical evaluation proved to be proximately caused by the

defendant's wrongdoing"). In *Carey v. Kerr-McGee Chem. Corp.*, 60 F. Supp.2d 800 (N.D. Ill. Aug. 18, 1999), Judge Gettleman denied the defendants' motion for summary judgment of the minor plaintiffs' claim for medical monitoring, observing that plaintiffs' experts offered opinion evidence that raised a genuine issue of material fact with respect to the need for medical monitoring.

While it is not entirely clear that expert testimony is the only possible source of evidence for a medical monitoring claim, there are simply no facts in the record to support Meyer's claim that she and her children require continued medical monitoring. Moreover, given that Meyer cannot prove that Defendant's actions proximately caused her husband's cancer or her own injuries, she cannot establish Defendant's liability for the costs of medical monitoring. *See Guillory*, 2001 U.S. Dist. LEXIS 3353 at *21. Summary judgment is granted on this claim, as well.

Meyer also seeks damages for the alleged increased risk of developing cancer in the future as a result of her exposure and her children's exposure to TCE. Illinois law now recognizes a cause of action for increased risk of future harm. *See Dillon v. Evanston Hosp.*, 199 Ill. 2d 483 (2002). A plaintiff who seeks damages for the increased risk of future injury must "prove that the defendant's negligence increased the plaintiff's risk . . . ". *Id.* at 504. *See also Liebig-Grigsby v. United States*, 2003 U.S. Dist. LEXIS 3682 at *49-51 (N.D. Ill. Mar. 11, 2003) (declining to award damages for risk of future complications when plaintiff "offered no proof of this risk"). I have already ruled that by failing to respond to Defendant's Motion for Summary Judgment, Meyer cannot prove that Defendant's actions proximately caused her alleged, present injuries. Similarly, there are no facts in the record before me to demonstrate that Defendant

caused Meyer's increased risk of future harm or the increased risk of future harm her children allegedly face. The record contains no testimony discussing either Meyer's risk of future injury or the reasonable probability that Defendant's actions increased her risk of suffering future injury. The state of the record is the same with respect to her children. Defendant is entitled to summary judgment on this claim.

Meyer also seeks compensation for her fear, and her children's fear, of future injury. Under Illinois law, a plaintiff alleging a fear of future injury as a result of exposure to a toxic substance must establish actual exposure to the harmful agent. *See Majca v. Beekil*, 183 Ill. 2d 407, 420 (1998). In her Complaint, Meyer alleges that her family consumed contaminated groundwater from the well on her property. Because of Meyer's failure to respond to Defendant's Motion and to submit a Rule 56.1 Statement of Material Facts, there are no facts in the record before me to support her allegation of actual exposure to TCE. Defendant is entitled to summary judgment on this claim.

Meyer's remaining claims also fail to survive Defendant's motion for summary judgment, for want of evidence to support her allegations. First, Meyer alleges that the value of her property "has been substantially decreased, if not reduced to nothing" as a result of TCE contamination. Nothing in the record before me raises a genuine issue of material fact with respect to the past and present value of Meyer's property. Moreover, Meyer's Rule 26(a)(2) disclosures failed to identify competent opinion testimony to establish the alleged diminution value of her property, or any evidence to meet her threshold burden of proof in establishing the market value or diminished value of her property. *Cf. American Nat'l Bank & Trust Co. v. K-Mart Corp.*, 717 F.2d 394, 399 (7th Cir. 1983) (holding that diminution of value was a theory of

7

damages requiring proof, and that "[t]he question of value is, of course, the proper subject for expert testimony").

Second, Meyer seeks damages for her and her children's alleged loss of use and enjoyment of their property. Defendant properly characterizes this claim as one of private nuisance. A private nuisance is characterized by "a substantial invasion of another's interest in the use and enjoyment of his or her land." *In re Chicago Flood Litig.*, 176 Ill. 2d 179, 204 (1997). Because of Meyer's failure to respond to Defendant's motion, there is no evidence in the record establishing the presence of TCE from the Lockformer property on Meyer's property or that any such invasion was substantial.

For these reasons, Defendant Honeywell's Motion for Summary Judgment as to all of Plaintiff's claims is GRANTED.[5]

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: August 2, 2005

---

[5] It is true that two Defendants settled with Plaintiff on the basis of the same allegations made here. Some may believe that because the other Defendants settled there must be at least some evidence to prove the validity of Plaintiff's claims. But this is not so. Defendants routinely settle suits that they might otherwise win and they do so for a variety of reasons. Moreover, even if a court could draw an inference from the actions of a settling defendant that there was a good basis in fact for a plaintiff's claim, the law has turned its face from such inferences by requiring that the case against each defendant be decided on its own merits. Cases such as this one are really three separate lawsuits, and Plaintiff must prove her case against each Defendant individually.